# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Barbara Fawcett, individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

Citizens Bank, N.A.,

    Defendant.

Case No.

## **COMPLAINT**

Plaintiff Barbara Fawcett ("Plaintiff" or "Ms. Fawcett"), by and through her counsel, on behalf of herself and the members of the putative Class (defined below), alleges the following against the defendant, Citizens Bank, N.A. ("Citizens Bank") based on personal knowledge as to herself, and on information and belief and investigation of her counsel as to the remaining allegations.

## **Introduction**

1.    Plaintiff brings this class action seeking redress for defendant Citizens Bank's past and continuing practice of charging its checking account customers usurious interest in violation of the National Bank Act, 12 U.S.C. Sec. 1, et seq.

2.    As explained in detail below, when a Citizens Bank checking account customer incurs a debit to their account (such as a check, ATM withdrawal, or debit card transaction) which exceeds the amount of money in their account, and Citizens Bank honors the debit (i.e.,

pays the check, permits the ATM withdrawal, or pays the debit card transaction), Citizens Bank immediately charges the customer a fee of $35, which Citizens Bank calls an "Overdraft Fee."

3.      If a Citizens Bank checking account customer causes a check to be presented for payment and Citizens Bank does not honor the check and instead returns the check due to "insufficient funds" in the account, Citizens Bank also charges a $35 charge against the customer's account, which Citizens Bank refers to as a "Returned Item Fee." If Citizens Bank returns the check due to insufficient funds, the $35 Returned Item Fee is the only fee Citizens Bank charges as a result of a check having been presented for payment which exceeded the balance remaining in the account.

4.      If, however, Citizens Bank honors an overdraft by advancing the deficiency to the customer, and if the customer does not repay that advance (by depositing sufficient funds into the account to bring the account balance positive or at least zero) within a very short period, Citizens Bank charges what it calls a "Sustained Overdraft Fee." This charge is in addition to the initial "Overdraft Fee" Citizens Bank charges at the time the customer's account was first overdrawn. Citizens Bank continues to charge the so-called "Sustained Overdraft Fee" over regular intervals until the customer repays Citizen Bank's monetary advances by returning his or her account to a positive balance.

5.      The so-called "Sustained Overdraft Fee" is, in reality, interest that Citizens Bank charges to its customers for the use, forbearance, or detention of the money it has loaned to its customer by advancing the funds necessary to pay the overdraft. Unlike the initial "Returned Item Fee" and the "Overdraft Fee," which are fees Citizens Bank charges for the service of responding when a customer causes a check or other debit to be presented when there are insufficient funds in the customer's account, the only service or thing of value that Citizens Bank

provides in exchange for the so-called "Sustained Overdraft Fee" is the continued use of the funds it previously loaned to the customer, which are still owed by the customer to Citizens Bank. Accordingly, the fee is, in fact, an interest charge.

6.      The National Bank Act limits the rate at which a national bank such as Citizens Bank can charge interest. Citizens Bank has and continues to charge Plaintiff and the members of the putative class interest (camouflaged as "Sustained Overdraft Fees") at annualized interest rates substantially greater than the maximum interest rate that the National Bank Act permits Citizens Bank to charge.

7.      Citizens Bank's unlawful charges of interest that exceed the maximum interest rate Citizens Bank may charge under the National Bank Act has damaged plaintiff and Class Members (defined below).

8.      Pursuant to the National Bank Act, Citizens Bank is liable to Plaintiff and the Class Members for twice the interest Citizens Bank has charged and continues to charge them in violation of the National Bank Act.

## Parties

9.      Plaintiff Barbara Fawcett is a citizen and resident of Hubbardston, Massachusetts. She has had a checking account with Citizens Bank for many years.

10.     Defendant Citizens Bank, N.A. is a national bank with its headquarters and principal place of business located in Providence, Rhode Island. Among other activities, Citizens Bank is engaged in the business of providing retail banking services to consumers, including Plaintiff and Class Members. Citizens Bank operates banking centers, and thus conducts business, throughout the Commonwealth of Massachusetts.

## Jurisdiction

11.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1337 because this action arises under the laws of the United States, namely the National Bank Act, 12 U.S.C. § 1, *et seq.*

12.     Citizens Bank regularly and systematically provides retail banking services throughout the Commonwealth of Massachusetts, including in this district, and provides retail banking services to its customers, including Plaintiff and other Class Members, in this district. As such, it is subject to the jurisdiction of this Court and the mandate of the National Bank Act.

## Venue

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Citizens Bank is subject to personal jurisdiction in this Court and regularly conducts business within this district through its numerous branches. Additionally, a substantial part of the events giving rise to the claims asserted herein occurred and continues to occur in this district.

## Factual Allegations

### I.     Citizens Bank's Overdraft Practices

14.     Citizens Bank is a national bank located in Providence, Rhode Island.

15.     Citizens Bank operates in eleven states (Connecticut, Delaware, Massachusetts, Michigan, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island and Vermont), and it is the thirteenth largest retail bank in the United States measured by total assets.

16.     Citizens Bank offers checking account services to customers. Citizens Bank has over two million retail checking account customers.

17.     An overdraft occurs when a customer does not have enough money in the customer's account to cover a check or other debit to the account.

18.     In the event of an overdraft, Citizens Bank charges its customer either what it calls a "Returned Item Fee" if Citizens Bank returns a check or what it calls an "Overdraft Fee" if Citizens Bank honors the check or debit by advancing or loaning the funds to cover the account deficiency.

19.     At present, Citizens Bank's charge for its "Returned Item Fee" and its "Overdraft Fee" is $35.00 for each check Citizens Bank returns without payment and each debit for which Citizens Bank loans funds to the customer due to there being insufficient funds to pay the debit. Plaintiff makes no claim in this action regarding those Returned Item Fees and Overdraft Fees.

20.     When Citizens honors a check or debit in excess of the amount of money available in a customer's account by loaning the customer the deficient funds and the customer does not repay those funds within a specified number of business days, Citizens Bank charges the customer what it describes as a "Sustained Overdraft Fee." The so-called "Substantial Overdraft Fee" is different than, separate and apart from, and in addition to the above described "Returned Item Fee" and "Overdraft Fee."

21.     At present, Citizens Bank charges $30.00 for its so-called "Sustained Overdraft Fee" when Citizens Bank's loan to cover the overdraft remains unpaid because the account remains overdrawn for four consecutive business days. Citizens Bank then charges an additional $30.00 for another so-called "Sustained Overdraft Fee" if the loan is not repaid for another three consecutive business days and, finally, Citizens Bank charges another $30.00 for a so-called "Sustained Overdraft Fee" if the loan is not repaid for another three consecutive business days.

22.     That is, Citizens Bank charges up to a total of $90.00 for loaning its customer the funds to cover the overdraft deficiency if the loan is not repaid within ten consecutive business days.

23.     The amount of the so-called "Sustained Overdraft Fees" depends entirely upon the number of consecutive business days during which the customer owes Citizens Bank the borrowed funds. That is, the longer the loan is outstanding or unpaid, the greater the total amount that Citizens Bank charges as interest disguised as its so-called "Sustained Overdraft Fees."

24.     Prior to March 8, 2016, the amount and frequency that Citizens Bank charged for its so-called "Sustained Overdraft Fees" were different than they are today.

25.     Specifically, prior to March 8, 2016, in addition to the initial $35 "Overdraft Fee" charged at the time of the overdraft, Citizens Bank would charge $6.99 for a so-called "Sustained Overdraft Fee" if the funds that Citizens Bank had loaned its customers to pay the overdraft were not repaid for three consecutive business days. Prior to March 8, 2016, Citizens Bank would then charge an additional so-called "Sustained Overdraft Fee" in the amount of $6.99 per day for each additional business day that the loan remained outstanding and unpaid up to ten days, for a total of $69.90 (i.e., one interest charge of $6.99 for each of the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth business days the loan is outstanding).

26.     As is true today, prior to March 8, 2016, the amount of the so-called "Sustained Overdraft Fees" depended entirely upon the number of consecutive business days during which the customer's account retained a negative balance. That is, the longer an account remained overdrawn—the longer the loan remained unpaid—the greater the total amount of interest that Citizens Bank charged.

27.     At all relevant times, the only service or thing of value that Citizens Bank provided in return for its so-called "Sustained Overdraft Fee" was the continued extension of credit to the customer. The charge is based solely on the indebtedness to the bank remaining unpaid by the customer for a period of time, and the total amount of such charges is proportional to the amount of time during which the account retains a negative balance. As such, Citizens Bank's so-called "Substantial Overdraft Fees" were, and continue to be, interest that the National Bank Act regulates.

## II.     Ms. Fawcett's Experience

28.     Plaintiff Barbara Fawcett presents a textbook example of why states and the federal government enact usury laws. The examples of her experience below demonstrate that Citizens Bank has repeatedly charged Ms. Fawcett interest at rates often exceeding 1,000% annualized.

29.     Ms. Fawcett has been a Citizens Bank customer for many years.

30.     Ms. Fawcett lives on a fixed income.

31.     Citizens Bank has charged against Ms. Fawcett's checking account so-called "Sustained Overdraft Fees" under both Citizens Bank's current rates for such charges and the rates as they existed prior to March 8, 2016, as described above.

32.     Below are examples of Citizens Bank charging Ms. Fawcett usurious interest.

### October 2015 So-Called "Sustained Overdraft Fees"

33.     On October 1, 2015, Ms. Fawcett overdrew her account as a result of three debits, each of which Citizens Bank honored (i.e., Citizens Bank loaned Ms. Fawcett the funds it used to pay the debits to the payees on Ms. Fawcett's behalf). Citizens Bank charged Ms. Fawcett an

initial "Overdraft Fee" of $35.00 for each of the three debits, for a total of $105.00. No claim is made in this action regarding those "Overdraft Fee" charges.

34.     Ms. Fawcett was unable to repay promptly Citizens Bank's loan by returning her account to a positive balance. Citizens Bank charged Ms. Fawcett interest (labeled by Citizens Bank as so-called "Sustained Overdraft Fees") of $6.99 on each of six consecutive business days—October 6, 2015; October 7, 2015; October 8, 2015; October 9, 2015; October 13, 2015; and October 14, 2015—for a total of $41.94.

35.     Citizens Bank provided no services or thing of value to Ms. Fawcett in exchange for the $41.95 it charged Ms. Fawcett in October 2015, other than the continued extension of credit to Ms. Fawcett. Accordingly, although Citizens Bank characterized these charges as "Sustained Overdraft Fees," the charges were, in reality, interest charges for an outstanding debt owed by Ms. Fawcett to Citizens Bank.

36.     Based on the amount of Citizens Bank's outstanding loan to Ms. Fawcett indicated by the negative opening daily balances in Ms. Fawcett's account on the dates of each of the interest charges—October 6, 2015; October 7, 2015; October 8, 2015; October 9, 2015; October 13, 2015; and October 14, 2015—Citizens Bank charged Ms. Fawcett interest at annual rates of 1,016%, 710%, 903%, 728%, 623%, and 609%, respectively.

*January/February 2016 So-Called "Sustained Overdraft Fees"*

37.     On January 26, 2016, Ms. Fawcett overdrew her account as a result of two debits, each of which Citizens Bank honored (i.e., Citizens Bank loaned Ms. Fawcett the funds it used to pay the debits to the payees on Ms. Fawcett's behalf). Citizens Bank charged Ms. Fawcett an initial "Overdraft Fee" of $35.00 for each of the two debits, for a total of $70.00. No claim is made in this action regarding those "Overdraft Fee" charges.

8

38.     Ms. Fawcett was unable to repay promptly Citizens Bank's loan by returning her account to a positive balance. Hence, Citizens Bank charged Ms. Fawcett interest (labeled by Citizens Bank as so-called "Sustained Overdraft Fees") of $6.99, on each of nine consecutive business days—January 29, 2016; February 1, 2016; February 2, 2016; February 3, 2016; February 4, 2016; February 5, 2016; February 8, 2016; February 9, 2016; and February 10, 2016—for a total of $62.91.

39.     Citizens Bank provided no services or thing of value to Ms. Fawcett in exchange for the $62.91 it charged Ms. Fawcett in late January and early February 2016, other than the continued extension of credit to Ms. Fawcett. Accordingly, although Citizens Bank characterized these charges as "Sustained Overdraft Fees," the charges were, in reality, interest charges for an outstanding debt owed by Ms. Fawcett to Citizens Bank.

40.     Based on the amount of Citizens Bank's outstanding loan to Ms. Fawcett indicated by the negative opening daily balances in Ms. Fawcett's account on the dates of each of the interest charges—January 29, 2016; February 1, 2016; February 2, 2016; February 3, 2016; February 4, 2016; February 5, 2016; February 8, 2016; February 9, 2016; and February 10, 2016—Citizens Bank charged Ms. Fawcett interest at annual rates of 656%, 640%, 308%, 315%, 526%, 516%, 506%, 496%, and 2,656%, respectively.

***Late March/Early April 2016 So-Called "Sustained Overdraft Fees"***

41.     On March 21, 2016, Ms. Fawcett overdrew her account as a result of two debits, each of which Citizens Bank honored (i.e., Citizens Bank loaned Ms. Fawcett the funds it used to pay the debits to the payees on Ms. Fawcett's behalf). Citizens Bank charged Ms. Fawcett an initial "Overdraft Fee" of $35.00 for each of the two debits, for a total of $70.00. No claim is made in this action regarding those "Overdraft Fee" charges.

42.     Ms. Fawcett was unable to repay promptly Citizens Bank's loan by returning her account to a positive balance. Hence, Citizens Bank charged Ms. Fawcett interest (labeled by Citizens Bank as so-called "Sustained Overdraft Fee") of $30.00 on March 25, 2016. Three business days later, on March 30, 2016, when Ms. Fawcett's account remained negative, Citizens Bank charged Ms. Fawcett a second so-called "Sustained Overdraft Fee" of $30.00. Three business days later, on April 4, 2016, when Ms. Fawcett's account remained negative, Citizens Bank charged Ms. Fawcett a third so-called "Sustained Overdraft Fee" of $30.00, for a total of $90.00 in such so-called "Sustained Overdraft Fees" during late March and early April 2016.

43.     Citizens Bank provided no services or thing of value to Ms. Fawcett in exchange for the $90.00 it charged Ms. Fawcett in late March and early April 2016, other than the continued extension of credit to Ms. Fawcett. Accordingly, although Citizens Bank characterized these charges as "Sustained Overdraft Fees," the charges were, in reality, interest charges for an outstanding debt owed by Ms. Fawcett to Citizens Bank.

44.     Based on the amount of Citizens Bank's outstanding loan to Ms. Fawcett indicated by the negative daily balances in Ms. Fawcett's account on the dates of each of the interest charges—March 25, 2016; March 30, 2016; and April 4, 2016—Citizens Bank charged Ms. Fawcett interest at annual rates of 505%, 898%, and 814%, respectively.

### *Late July/Early August 2016 So-Called "Sustained Overdraft Fees"*

45.     On July 25, 2016, Ms. Fawcett overdrew her account as a result of one debit, which Citizens Bank honored (i.e., Citizens Bank loaned Ms. Fawcett the funds it used to pay the debit to the payee on Ms. Fawcett's behalf). Citizens Bank charged Ms. Fawcett an initial "Overdraft Fee" of $35.00 for that debit. No claim is made in this action regarding that "Overdraft Fee" charge.

46.     Ms. Fawcett was unable to repay promptly Citizens Bank's loan by returning her account to a positive balance. Hence, Citizens Bank charged Ms. Fawcett interest (labeled by Citizens Bank as a so-called "Sustained Overdraft Fee") of $30.00 on July 29, 2016. Three business days later, on August 3, 2016, Citizens Bank's loan to Ms. Fawcett remained unpaid. Hence, Citizens Bank charged Ms. Fawcett a second so-called "Sustained Overdraft Fee" of $30.00. Three business days later, on August 8, 2016, when Citizens Bank's loan to Ms. Fawcett remained unpaid, Citizens Bank charged Ms. Fawcett a third so-called "Sustained Overdraft Fee" of $30.00, for a total of $90.00 in such so-called "Sustained Overdraft Fees" in late July and early August 2016.

47.     Citizens Bank provided no further services or thing of value to Ms. Fawcett in exchange for the $90.00 it charged Ms. Fawcett in late July and early August 2016, other than the continued extension of credit to Ms. Fawcett. Accordingly, although Citizens Bank characterized these charges as "Sustained Overdraft Fees," the charges were, in reality, interest charges for an outstanding debt owed by Ms. Fawcett to Citizens Bank.

48.     Based on the amount of Citizens Bank's outstanding loan to Ms. Fawcett indicated by the negative daily balances in Ms. Fawcett's account on the dates of each of the interest charges—on July 29, 2016; August 3, 2016; and August 8, 2016—Citizens Bank charged Ms. Fawcett interest at annual rates of 4,264%, 2,459%, and 1,384%, respectively.

### *Summary of the Usurious and Interest Charged to Ms. Fawcett.*

49.     The above examples of the usurious interest that Citizens Bank charged Ms. Fawcett are just a small sample of the so-called "Sustained Overdraft Fees" that Citizens Bank charged against Ms. Fawcett's account in violation of the National Bank Act.

50.     During the eighteen-month period from August 2015 through January 2017, Citizens Bank charged a total of fifty-two so-called "Sustained Overdraft Fees" against Ms. Fawcett's account, for a total of $839.70.

51.     During the same eighteen-month period, based on the daily negative balances on the dates of each so-called "Sustained Overdraft Fee," the average annual interest rate that Citizens Bank charged Ms. Fawcett was 931%, with individual charges ranging from annual interest rates of 265% to 4,264%.

52.     Citizens Bank's modification of the timing of its so-called "Sustained Overdraft Fees" as of March 8, 2016, as described above, increased substantially the effective annual interest rate represented by such charges. For example, prior to March 8, 2016, the average annual rate of interest represented by so-called "Sustained Overdraft Fees" charged to Ms. Fawcett was 589%; after March 8, 2016, the average annual rate leapt to 1,421%.

53.     Upon information and belief, because Citizens Bank limits the amount of credit it extends to checking account holders through its overdraft program (i.e., when an accountholder's account becomes sufficiently negative, Citizens Bank will stop honoring debits), the annual interest rate reflected in so-called "Sustained Overdraft Fees" is always or almost always well into the hundreds of percentage points.

III.    **Citizens Bank's So-Called "Sustained Overdraft Fees" Are Unlawful Interest Under the National Bank Act.**

54.     Claims for usury against a national bank such as Citizens Bank are governed exclusively by the National Bank Act, 12 U.S.C. §§ 85, 86.

55.     The National Bank Act provides for the following restriction on the interest a national bank may charge:

> Any [national bank] may take, receive, reserve, and charge on any loan or…or other evidences of debt, interest [1] at the rate allowed by the laws of the State…where the bank is located, or [2] at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, ***whichever may be the greater, and no more***.

12 U.S.C. § 85 (emphasis added).

56.     Under alternative [1] quoted above, a bank is "located" in the state that it designates in its organization certificate. *Marquette Nat'l Bank v. First of Omaha Serv. Corp.*, 439 U.S. 299, 310–12 (1978).

57.     Records of the Office of the Comptroller of the Currency indicate that Citizens Bank is located in Providence, Rhode Island. Accordingly, Rhode Island usury law dictates the maximum interest applicable under alternative [1] of the National Bank Act.

58.     Rhode Island law itself imposes a "greater of" rule with respect to interest:

> [No company] shall, directly or indirectly, charge, or take interest on a loan…at a rate that shall exceed the greater of [a] twenty-one percent (21%) per annum or…[b] nine percentage points (9%) plus an index that is the domestic prime rate as published in the Money Rates section of The Wall Street Journal on the last business day of each month preceding the later of the date of the debtor's agreement or the date on which the interest rate is redetermined in accordance with the terms of the debtor's agreement.

R.I. Gen. Laws § 6-26-2(a, b).

59.     The domestic prime rate published by The Wall Street Journal never exceeded 12% during the Class Period (defined below); therefore, the maximum interest rate under Rhode Island law for the entire Class Period is the twenty-one percent (21%) per annum rate described in alternative [a] above. Therefore, the maximum interest rate under alternative [1] the National Bank Act is likewise twenty-one percent (21%) per annum for the entire Class Period.

60.     Alternative [2] of the National Bank Act, during the Class Period, was never greater than the twenty-one percent (21%) annum, the maximum interest rate permitted under

alternative [1] as explained above. Specifically, the discount rate for the Federal Reserve Bank of Boston (which covers Rhode Island) ranged from 0.75% to 1.50% for primary credit and 1.25% to 2.00% for secondary credit. Therefore, the permissible interest rate under alternative [2] ranged from a minimum of 1.75% to a maximum of 3.00% during the Class Period. Therefore, pursuant to the "greater of" formulation of the National Bank Act, the maximum permissible interest rate chargeable by Citizens Bank during the entire Class Period was always option [1] because option [1] was always greater than option [2]. As noted, the maximum annual interest pursuant to option [1], as dictated by Rhode Island law, was 21% throughout the Class Period.

61.     As noted, 12 U.S.C. § 85 restricts "interest" charges "on any loan or…or other evidences of debt." When Citizens Bank pays a debit on behalf of a customer even though the customer lacks sufficient funds in the customer's account to pay for the debit, Citizens Bank provides a "loan" or "other evidence[] of debt" to a customer. Citizens Bank directs customers that "[o]nce you have overdrawn your account you must bring it to a positive balance as soon as possible," reflecting Citizens Bank's understanding that customers are obligated to repay any debt incurred to Citizens Bank as a result of it having honored an overdraft.

62.     Interest, by definition, is compensation for the use or forbearance of money or as damages for its detention. Citizens Bank's so-called "Sustained Overdraft Fee" is charged to a customer for the use or forbearance of money, and such charges, regardless of whatever label Citizens Bank attaches to them, are in fact interest.

63.     By covering overdrafts, Citizens Bank extended credit to Plaintiff and other Class Members for use in their checking accounts. Such extensions of credit are loans made without a specific loan agreement. 12 U.S.C. § 84 defines the term "loans and extensions of credit" as including any and all direct or indirect advances of funds to a person made on the basis of any

obligation of that person to repay the funds. In addition, federal banking regulators have indicated in guidance to national banks that "[w]hen overdrafts are paid, credit is extended." Joint Guidance on Overdraft Protection Programs, 70 Fed. Reg. 9127, 9129 (Feb. 24, 2005).

64.    The National Bank Act permits Citizens Bank to charge Plaintiff and Class Members "no more" than 21% annualized interest on these loans and extensions of credit.

65.    The so-called "Sustained Overdraft Fees" charged to Plaintiff constituted interest charges ranging from 265% to 4,264%, which means the lowest interest charges to Plaintiff were more than 12 times the interest rate permissible under the National Bank Act, while the highest interest charges were more than 270 times the permissible rate.

66.    Because the so-called "Sustained Overdraft Fees" that Citizens charged Plaintiff and the Class Members exceeded the maximum interest rate a national bank may charge under the National Bank Act for ongoing indebtedness of Plaintiff and other Class Members to the Citizens Bank, such so-called "Sustained Overdraft Fees" were usurious and illegal under the National Bank Act.

**Class Action Allegations**

67.    Plaintiff brings this action against Citizens Bank under Fed. R. Civ. Proc. 23(b)(2) and 23(b)(3) on her own behalf and on behalf of a class (the "Class," members of which are the "Class Members") defined as follows:

> All checking account customers of Citizens Bank whom Citizens Bank charged one or more so-called "Sustained Overdraft Fee" at any time within the time period commencing two years prior to the filing of the initial complaint in this action (the "Class Period").

68.    Plaintiff reserves the right to appropriately change the definition of the class.

69. Class Members are so numerous as to make it impracticable to bring all Class Members before the Court. The exact number of Class Members is unknown to Plaintiff but is believed to number in at least the thousands. The identity of all class members will be discoverable from Citizens Bank's computerized records.

70. Plaintiff's claim is typical of the claims of all Class Members she seeks to represent, in that all of them were similarly assessed so-called "Sustained Overdraft Fees" by Citizens Bank in the same manner, pursuant to the same policy, and using the same centralized computer system.

71. Citizens Bank, through its unlawful conduct as described herein, has damaged Plaintiff and the Class Members by charging Plaintiff and all Class Members interest charges substantially in excess of those permissible under the National Bank Act. Citizens Bank's common course of unlawful conduct has caused Plaintiff to suffer damages (i.e., unlawful and usurious interest charges) identical in the way in which the other Class Members suffered damages.

72. There are questions of law and fact common to the Class Members, and those common questions predominate over any questions affecting only individual Class Members.

73. The two questions of law and fact central to this case, which apply equally to Plaintiff and the Class Members, are the following:

     a.     The manner in which Citizens Bank applies so-called "Sustained Overdraft Fees"; and

     b.     Whether Citizens Bank's charges of so-called "Sustained Overdraft Fees" are interest under the National Bank Act.

74. Resolution of the two common questions described above will determine the outcome of Plaintiff's claim. That is, if Plaintiff's allegations regarding Citizens Bank's practices with respect to so-called "Sustained Overdraft Fees" are proven, and if such so-called "Sustained

16

Overdraft Fees" are determined to be interest under the National Bank Act, Citizens Bank will be liable to Plaintiff and all Class Members for Citizens Bank's violation of the National Bank Act.

75.     The calculation of damages for each member of the Class will be mechanical, based on Citizens Bank's own records reflecting the amount of interest it charged each Class Member for so-called "Sustained Overdraft Fees." Damages will be calculated by a simple classwide methodology, simply multiplying the unlawful interest charged by two, because pursuant to the National Bank Act, Citizens Bank is liable to each class member for twice the usurious interest it charged them.

76.     Plaintiff will assure the adequate representation of all the Class Members. She has no conflicts that could compromise her abilities to represent the Class. Plaintiff has no interests that are antagonistic to the interests of the Class, and Plaintiff will vigorously pursue the claims of the Class Members.

77.     Plaintiff has retained experienced and competent lawyers who are well-versed in complex class action litigation and who will fairly and adequately represent the interests of the Class Members. Plaintiff's counsel satisfy all requirements of Fed. R. Civ. P. 23(g). Specifically, they have performed extensive work in identifying or investigating potential claims in the action; they have extensive experience in handling class actions, other complex litigation, and the types of claims asserted in this action; they have broad knowledge of the applicable law; and they have ample resources, which they can and will commit to representing the Class.

78.     Citizens Bank has acted on grounds generally applicable to Plaintiff and the Class Members, as alleged herein, making appropriate an award of final injunctive relief and incidental damages with respect to all such persons.

79.     Class actions provide fair and efficient methods of adjudicating the controversies described in this complaint. The substantive claims of Plaintiff and the Class Members are the same and require the same evidentiary proof of the existence, terms, and administration of Citizens Bank's overdraft policies.

80.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of this controversy. Such treatment will permit large numbers of similarly situated persons simultaneously to prosecute their common claims, which in amount are modest individually, in a single forum, and without the duplication of effort and expense that numerous individual actions would entail. Prosecution of separate actions by individual Class Members would also create the risk of inconsistent or varying adjudications with respect to such persons that would establish incompatible standards of conduct for Citizens Bank.

81.     Because the losses suffered by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable and impossible for Class Members individually to seek redress for the wrongs done to them. Any Class Members who are aware of their rights against Citizens Bank would likely be unable to secure counsel to litigate their claims on an individual basis because of the relatively small individual damages they have suffered and/or the value of individual injunctive relief. Hence, a class action is the only feasible means of recovery for Class Members. Without a class action, Citizens Bank will continue to charge usurious interest to Class Members, and Citizens Bank will continue to violate federal law, reaping and retaining the proceeds of its illegal practices.

82.     The identities of Class Members and information required for notice and damages calculations can be obtained from Citizens Bank's records.

## Claim

### Count I – Violation of National Bank Act

83.     Plaintiff realleges and incorporates by reference all of the allegations in the preceding paragraphs.

84.     The so-called "Sustained Overdraft Fees" Citizens Bank charged Plaintiff and other Class Members were interest under the National Bank Act, and were therefore subject to the limitations on interest charges pursuant to 12 U.S.C. § 85.

85.     Citizens Bank charged Plaintiff and the Class Members interest that far exceeded the annual rate of interest permissible under the National Bank Act, which, as explained above, for Citizens Bank, was 21% during the entire Class Period.

86.     As a direct and proximate cause of Citizens Bank's violation of the National Bank Act, Plaintiff and other Class Members have been damaged.

87.     Pursuant to 12 U.S.C. § 86, Citizens Bank is liable to Plaintiff and other Class Members for twice the amount of usurious interest Citizens Bank has charged them.

### Prayer for Relief

WHEREFORE, Plaintiff, individually and on behalf of other Class Members, respectfully requests that the Court:

A.     Determine that the claims alleged in this Complaint may be maintained as a class action against Citizens Bank in the manner alleged herein, appoint Plaintiff as representative of the Class, appoint the undersigned counsel as counsel for the Class, and issue an order certifying the Class.

B.     Declare Citizens Bank's overdraft fee policies and practices to be unlawful under the National Bank Act;

C.      Award damages pursuant to the National Bank Act of twice all so-called "Sustained Overdraft Fees" Citizens Bank charged to Class Members during the Class Period;

D.      Award pre-judgment and post-judgment interest at the maximum rate permitted by law;

E.      Enjoining Citizens Bank from charging so-called "Sustained Overdraft Fees" in amounts that exceed the interest rates permissible under the National Bank Act;

F.      Award counsel their costs and disbursements incurred in connection with this action, plus reasonable attorneys' fees; and

G.      Grant any other relief the Court deems just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 7, 2017

By the attorneys for Plaintiff and the Class,

*/s/ Edward F. Haber*
Edward F. Haber, BBO # 215620
Patrick J. Vallely, BBO #663866
SHAPIRO HABER & URMY LLP
2 Seaport Lane
Boston, MA 02210
Telephone: (617) 439-3939
ehaber@shulaw.com
pvalley@shulaw.com